# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARY L. WORTH** | § | **PLAINTIFF** |
| | § | |
| v. | § CIVIL ACTION NO. 1:08CV539-LG-RHW | |
| | § | |
| **AIG INSURANCE SERVICES, INC.** | § | |
| **and MISSISSIPPI WINDSTORM** | § | |
| **UNDERWRITING ASSOCIATION** | § | **DEFENDANTS** |

### *SUA SPONTE* ORDER REQUIRING PARTIES
### TO BRIEF QUESTION OF DIVERSITY JURISDICTION

**THIS MATTER IS BEFORE THE COURT** *sua sponte* for the purpose of determining whether this Court has jurisdiction over this lawsuit. According to the Complaint filed by the plaintiff, Mary L. Worth, the Court's jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. (Compl. at ¶ III). The Complaint alleges that Worth is a resident of the State of Texas, and that the defendant AIG Insurance Services, Inc., is a Texas corporation with its principal place of business in Houston, Texas.[1] (*Id.* at ¶ I, II). Worth did not make any allegations regarding the citizenship of the other defendant, Mississippi Windstorm Underwriting Association ("MWUA"), in her Complaint. (*Id.* at ¶ II).

### DISCUSSION

The federal courts must address questions of subject matter jurisdiction whenever they are raised and must consider jurisdiction *sua sponte* if it is not raised by the parties. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001); *see also* FED. R. CIV. P. 12(h)(3). Thus,

---

[1] The Court notes that AIG denied the Complaint paragraph concerning its citizenship in its Answer. (AIG's Answer at ¶3).

subject matter jurisdiction cannot be created by waiver or consent. *Howery*, 243 F.3d at 919.

The diversity of citizenship statute provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332. The allegations of Worth's Complaint tend to show that diversity of citizenship is absent in this case, because she contends that both she and AIG are citizens of Texas. Nevertheless, even if AIG is not a resident of Texas, the Court has reason to question whether the MWUA should also be treated as a resident of Texas for purposes of diversity jurisdiction.[2]

The citizenship of artificial entities created by state law and unincorporated associations is determined by the citizenship of all of its members. *Carden v. Arkoma Ass'n*, 494 U.S. 185, 195-96 (1990); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008) (holding that limited liability companies should be treated like unincorporated associations and therefore their citizenship is determined by the citizenship of all of their members). The Fifth Circuit has held that, for diversity purposes, a state-created insurance guaranty association has the citizenship of each of its constituent members. *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 393-394 (5th Cir. 1991). This Court has recently held that insurance guaranty associations are insurance pools that are virtually identical in structure to the MWUA, such that case law concerning insurance guaranty associations is persuasive in cases concerning the MWUA. *Ass'n Cas. Ins. Co. v. Allstate Ins. Co.*, No. 3:07CV525-KS-JCS, slip op. at 13 (S.D. Miss. July 15, 2008).

---

[2]Although the MWUA is authorized to incorporate pursuant to MISS. CODE ANN. § 83-34-3, the Mississippi Secretary of State does not list the MWUA as a Mississippi corporation.

The Court has determined that some of the MWUA members or assessable insurers[3] are citizens of Texas and Mississippi. Therefore, regardless of whether Worth is a citizen of Texas or Mississippi, the Court questions whether complete diversity of citizenship exists in this case. Absent complete diversity of citizenship, the Court lacks subject matter jurisdiction. As a result, the parties are hereby ordered to submit briefs to the Court with supporting affidavits and materials tending to establish whether diversity of citizenship exists in this case.

**IT IS THEREFORE ORDERED** that on or before February 20, 2009, the parties shall submit briefs to the Court concerning whether diversity of citizenship exists in this case.

**SO ORDERED AND ADJUDGED** this the 5th day of February, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[3] "From and after March 22, 2007, the association shall no longer have members. Former members of the association shall be assessable insurers and shall have no rights to the assets and profits of the association, but shall have the obligation for regular assessments as provided herein." MISS CODE ANN. § 83-34-19(2).